ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Irma Rodriguez Moisa    State Bar No. 162272
Jorge J. Luna           State Bar No. 185512
12800 Center Court Drive, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200 • (714) 826-5480
Facsimile: (562) 653-3333

**NOTE CHANGES MADE BY THE COURT**

Attorneys for Defendant LOS ANGELES
COMMUNITY COLLEGE DISTRICT erroneously
named East Los Angeles Community College

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA L.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EAST LOS ANGELES COMMUNITY COLLEGE; DOUGLAS LOISEL; and DOES 1 through 25,<br><br>　　　　　　Defendants. | CASE NO.  CV 10-4014 AHM (PLAx)<br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL**<br><br>Assigned: Hon. A. Howard Matz<br>Date: Mondays (no reservations)<br>Time: 10:00 a.m.<br>CR:  "14" |

　　　　Pursuant To the stipulation of the parties and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

　　　　1.　　As used in this Protective Order, the following terms shall be defined as follows:

　　　　　　(A)　　"Material" shall include any document, testimony or information in any form or medium whatsoever including, without limitation, any written or printed matter, any photograph, drawing, chart, design or pictorial representation and any electronic, magnetic or photographic recording, whether tape, film, disk, microfiche, or any other medium produced by a person in the course of this action at any time during its pendency, and all material containing information derived there from.

(B) "Person" shall include any party or non-party to this action, whether an individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity.

(C) "Party" shall mean any or all of the parties to this action, their attorneys of record and their agents.

(D) "Confidential" material means any material designated by a party as "Confidential," including all copies thereof and information contained therein, which the party considers to contain or constitute information in any of the following categories: (1) Not in the public domain; (2) Academic, sexual, investigatory, disciplinary, or other private personnel information concerning past or present employees or students of Los Angeles Community College District; and (3) The sexual, emotional, mental, medical or financial condition or history of Plaintiff Amanda L.

2. If a party believes in good faith that any material to be produced or provided in this litigation by Parties or third parties, including depositions and production of documents pursuant to third-party subpoena, constitutes or contains confidential information, the party may designate such material as "Confidential." No such designation shall be made unless counsel of record believes in good faith that the designated material is entitled to such protection. If, during the course of a deposition, information is elicited that a party believes to be Confidential, counsel shall designate the information as "Confidential" on the record. In the alternative, a party may make this designation within 30 days after the party's counsel receives the deposition transcript. Information contained in a transcript or exhibits so designated shall be treated in the manner described below for production of Confidential documents. Documentary material is to be designated as "Confidential" by physically placing the following inscription (the "Confidentiality Inscription") upon the confidential material: **"CONFIDENTIAL."**

3. That upon the production of any document containing the Confidentiality Inscription, these documents shall be subject to this Protective Order.

4. This Protective Order is a pre-trial protective order and is entered into solely to

facilitate the exchange of information during discovery without involving the Court unnecessarily in the process. Documents subject to this Protective Order shall not be used by any party for any purpose other than in discovery except as provided in Paragraph 8 below. The parties expressly agree and represent that any document produced pursuant to this Protective Order shall not be lodged or filed with the Court for trial except as provided in Paragraph 8 below.

5. The parties further expressly agree that production of any document pursuant to this Protective Order does not constitute a waiver of evidentiary objections that may be raised in motions in limine or at trial.

6. Unless otherwise ordered by the Court, agreed to in writing by these parties, or provided for in Paragraph 7 below, the documents produced pursuant to this Protective Order shall be retained solely by counsel for the parties and shall not be disclosed to or used by any other party and/or person.

7. The documents subject to the Protective Order may only be disclosed to:

(A) The parties to this lawsuit;

(B) Counsel for the parties hereto, including their respective associates, clerks, legal assistants, stenographic personnel and firms retained by counsel to provide litigation services and the employees of said firms;

(C) Independent experts, consultants, and other independent contractors actually retained or employed to consult with, advise or assist counsel in the preparation of the trial of this case, or any person actually consulted or contracted by counsel for any party in connection with the preparation for trial in this case. Such expert must agree in writing to be bound to the terms of this protective order; and

(D) Mediators appointed by the parties jointly;

(E) Such other persons as hereinafter may be designated by written stipulation of the parties, or by further order of the Court.

During a deposition a non-party deponent may be shown and examined about materials

designated as "Confidential" if the provisions of this paragraph are complied with. Non-party deponents shall not retain or copy such materials or portions of the transcripts of their depositions that contain confidential material unless they comply with the provisions of this paragraph. Each person permitted by the parties or their counsel to have access to documents marked "Confidential" (other than the parties or their counsel or counsel's employees) shall, prior to being afforded such access, be shown this Stipulation and Order and shall sign an agreement, in the form attached hereto as Attachment "A," stating that he or she has read and understand its terms and shall abide by them. In this regard, the parties will provide permission to non-party deponents to agree to the Protective order and to sign the agreement, Attachment "A," if documents designated "Confidential" are to be addressed at such non-party's deposition. The parties, furthermore, will not discourage any non-party from signing Attachment "A," and will not interfere with a party's reasonable efforts to procure such signature. A file shall be maintained by the attorneys of record of all written agreements signed by persons to whom such documents have been given, which file shall, upon request, be available for inspection and copying by counsel subject to objection on the basis of attorney-client privilege and attorney work product.

8. If any party wishes to file any documents that are produced pursuant to this Protective Order with the Court, then the party filing such material must comply with the procedures for filing records under seal before filing such material with the Court.  The Parties agree that this provision does not authorize the filing or lodging of documents with the Court for trial.

9. The parties shall meet and confer in good faith to attempt to resolve any dispute over the designation of materials under the Protective Order.  **LOCAL RULE 37 CONTROLS.**

10. All documents protected by this Protective Order must be returned to producing party at the final settlement or judgment in this action.

/ / /

/ / /

/ / /

If any party must enforce the terms of this Protective Order, the prevailing party shall be entitled to costs, including reasonable attorney's fees**, at the Court's discretion.**

**IT IS SO ORDERED.**

October 14, 2010
DATE

THE HONORABLE PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

ATTACHMENT "A"

CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that:

1. I have read the Protective Order entered in the action presently pending in the United States District Court, Central District of California entitled <u>Amanda L. v. Los Angeles Community College District, et al.</u>, case no. CV 10-4014 AHM (PLAx);

2. I understand the trms of the Protective Order;

3. I agree, upon threat of penalty of contempt and other civil remedies, to be bound by its terms, and;

4. I irrevocably submit my person to the jurisdiction of the United States District Court, Central District of California, for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

Dated: _____

_____
Signature

_____
Name

_____
Title

_____
Address

_____
City, State, Zip Code

_____
Telephone Number